## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NOSTROMO LLC, | ) | Case No. 2:25-cv- |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| FIBAR GROUP S.A. and NICE S.P.A, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nostromo LLC ("Nostromo" or "Plaintiff") for its Complaint against Defendants

Fibar Group S.A. and Nice S.p.A. ("Fibaro" or "Defendant") for patent infringement alleges as

follows:

## THE PARTIES

1.      Nostromo is a limited liability company organized and existing under the laws of

the State of Texas, with its principal place of business located at 104 East Houston Street, Suite

160, Marshall, TX 75670.

2.      Upon information and belief, Defendant Fibar Group S.A. is a corporation

organized and existing under the laws of Poland, with its principal place of business at Serdeczna

3 Street, 62-081 Wysogotowo, Poland. Upon information and belief, Fibar Group S.A. does

business in Texas, directly or through intermediaries, and offers its products and/or services,

including those accused herein of infringement, to customers and potential customers located in

Texas, including in the Judicial District of the Eastern District of Texas. Defendant Fibar Group

S.A. may be served through with process by serving the Texas Secretary of State at 1019 Brazos

Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but

has not designated or maintained a resident agent for service of process in Texas as required by statute. This action arises out of that business.

3.    Defendants own, and are parent companies of, Fibaro[1] and have authorized sellers and sales representatives that offer and sell Fibaro products pertinent to this Complaint through the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as the Walmart Marshall Supercenter, 1701 E End Blvd N, Marshall TX 75670 indicated in the figure below.



4.    Upon information and belief, Defendant Nice S.p.A. is a corporation organized and existing under the laws of Italy, with its principal place of business at Via Callalta, 1 31046 Oderzo (TV), Italy. Upon information and belief, Nice S.p.A. does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.  Defendant Nice S.p.A. may be served through with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its

---

[1]    https://www.niceforyou.com/en/nicepost/nice-acquires-fibaro-one-major-players-worldwide-smart-home-consolidating-its-global.

[2] https://www.walmart.com/search?q=fibaro.

agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. This action arises out of that business.

## JURISDICTION

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

6.      This Court has specific and personal jurisdiction over the Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, the Defendants have sufficient minimum contacts with the forum because Defendants transact substantial business in the State of Texas and in this Judicial District. Further, each Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, as alleged more particularly below.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because each Defendant is subject to personal jurisdiction in this Judicial District, has committed acts of patent infringement in this Judicial District, and has a regular and established place of business in this Judicial District. Each Defendant, through its own acts and/or through the acts of the other Defendant, makes, uses, sells, offers to sell, and/or imports infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with this Judicial District such that this venue is a fair and reasonable one. Further, venue is proper in this Judicial District because Fibar Group S.A. is a foreign corporation formed under the laws of Poland with a principal place of business in Poland

and Nice S.p.A. is a foreign corporation formed under the laws of Italy with a principal place of business in Italy. "[A] defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).  Further, upon information and belief, the Defendant has admitted or not contested proper venue in this Judicial District in other patent infringement actions. *See, e.g., Avant Location Technologies LLC v. Fibar Groups SA, et al.*, Case No. 2:24-cv-00165-JRG-RSP, Dkt. 31 (E.D. Tex. October 3, 2024).

## PATENT-IN-SUIT

8.    On October 15, 2013, the United State Patent and Trademark Office duly and legally issued U.S. Patent No. 8,559,970 (the "'970 Patent") entitled "Method for Providing Location-Based Services, Location-Based Information Services Systems, and Portable Electronic Device".    A    true    and    correct    copy    of    the    '970    Patent    is    available    at: https://patentimages.storage.googleapis.com/65/ea/2c/35ce607a1a84ab/US8559970.pdf.

9.    Nostromo is the sole and exclusive owner of all right, title, and interest in the '970 Patent (the "Patent-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit.  Nostromo also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

10.    Nostromo has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patent-in-Suit.  Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

11.    The '970 Patent general relates to technology for providing location-based information service to a portable device.  The technology described in the '970 Patent was developed by inventor Yung-Chao Lee.  For example, the technology of the '970 Patent is implemented products that provide location-based services to a portable device, such as the through the use of geofencing and location-based technologies for sending notifications to mobile applications on the mobile devices of customers and end-users.

12.    Defendant has infringed and continues to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products that infringe the Patent-in-Suit, including smart home, home automation, and devices that implement the technology claimed by the Patents-in-Suit. For example, the infringing products include, but are not limited to, Fibaro's Home Center 3, Home Center 3 Lite, Home Center 2, Home Center Lite, Yubii Home, accessories and mobile applications that interoperate with the aforementioned products, and cooperation offerings containing or using the aforementioned products, such as "Become an official FIBARO distributor," "Become a FIBARO smart home installer," "Introduce smart solutions to your investments" for real estate developers, "Create unique smart home offer for your customers" for businesses, "Make your house design start" for architects, and "Perform smart home tests and share your experience" for media / influencers (https://www.fibaro.com/en/contact/) (collectively, the "Accused Products").

## COUNT I
### (Infringement of the '970 Patent)

13.    Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14.    Nostromo has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '970 Patent.

15.     Defendants have and continue to directly infringe the '970 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '970 Patent.  Such products include, but are not limited to, Fibaro's Home Center 3, Home Center 3 Lite, Home Center 2, Home Center Lite, Yubii Home, accessories and mobile applications that interoperate with the aforementioned products, and cooperation offerings containing or using the aforementioned products.

16.     For example, Defendants have and continue to directly infringe at least claim 1 of the '970 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include Fibaro's Home Center 3, Home Center 3 Lite, Home Center 2, Home Center Lite, Yubii Home, accessories and mobile applications that interoperate with the aforementioned products, and cooperation offerings containing or using the aforementioned products.

17.     For example, the Accused Products perform a method for providing location-based information services to a portable electronic device (e.g., on a mobile device through the Fibaro Home Center Application or other related applications).  The Accused Products perform the step of providing an information platform (e.g., the Fibaro Home Center and Fibaro Mobile Application and associated servers where the user registers all devices and systems) and a user preference settings database (e.g., Fibaro Home Center and Fibaro Mobile Application related servers/databases) for respectively receiving and recording preference settings for categories of information and location range from a user of the portable electronic device.

3. Fibaro provides Services to the User which consist in sharing and allowing to use the IT system, whose elements are primarily the central device Fibaro Home Center, Fibaro ID system and the Fibaro mobile apps, in which the User's data are processed. Their type depends on the Service chosen by the User and may include:

a. with regard to the Integration Service, such data as:

- names of devices, names of scenes, names of rooms, the state of devices (switched on or off), types of actions possible for the application to perform with a given device or scene - in order to integrate with Amazon Alexa and Google Assistant applications, and other data necessary for future integrations that Fibaro may introduce

- the serial number of the FIBARO Home Center central, the list of devices, information about FIBARO Wall Plug FGBWHWPEF-102 devices connected to the Fibaro ID Service - in order to create a list of devices and functioning of mechanisms searching for scenes and devices which the User shall use as part of the Service.

b. with regard to the Access Service, such data as:

- image from cameras, the FIBARO Home Center Interface - in order to allow the User to steer and view the situation at home, whereby these data are not recorded anywhere.

- the phone's UID number, telephone number, sending SMS notifications about the state of devices or other events defined by the User - sending push notifications, email notifications in order to inform the User about a situation defined by the User, or an emergency or system situation;

- location (GPS data) - in order to make it possible to account for the User's location in arranging of scenes (e.g. turning the heater on when the User comes into a specific distance on their way back home);

- All data connected with configuration of the FIBARO Home Center central - in order to ensure the User has the option to restore the previous configuration of the system.

## Cookies Policy

1. Cookie files ("Cookies") are text files saved and stored in the memory of the device used to browse Internet websites (e.g. a PC computer, notebook, tablet, palmtop, cellphone). After saving being saved, these files are connected with a server or servers that gain appropriate access to them.[3]

---

[3] https://id.cloud.fibaro.com/privacy-policy.



18.     The Accused Products perform the step of setting and storing in a condition database at least one condition (e.g., turning lights on or off, turning thermostats on or off, opening gates, etc. based on user presence or absence in predefined area) for triggering information services provision to the portable electronic device (e.g., mobile device).

---

[4] https://manuals.fibaro.com/knowledge-base-browse/setting-up-the-geofencing-in-home-center-app/.

**What is a geofence?**

As the name implies, it can simply be described as an invisible "fence" around a geographical location – usually at a set radius distance (30 meters as an example). When a GPS device (such as your smartphone) enters or exits a predefined geofence, the "fence" is considered to be "breached".

**Fibaro Home Center 2 Geofencing**

Let's take a look at how Fibaro have implemented Geofencing and how powerful and useful it can be. I am going to use our SmartHome office as an example.

When one of our team arrives at the office in the morning, I would like to turn a light on (keeping it simple for this example) – but only if they are the first to arrive.

When the last person leaves the office, I would like to turn a light off.

Let me show one of the ways we can do this with the Fibaro Home Center 2.

**Enabling GPS tracking for Users**

We now need to make sure that each Home Center User is reporting their GPS coordinates via their phone to Home Center (each User will of course need to have the Fibaro app installed). [5]

19.    The Accused Products perform the step of receiving positioning information that includes a location of the portable electronic device by having a positioning module (e.g., geofencing receives mobile device positioning data through at least, but not limited to, positioning modules in the mobile device).

---

[5] https://www.smarthome.com.au/fibaro-home-center-geofencing/.





20.     The Accused Products perform the step of determining through use of a condition

module whether the at least one condition for triggering information services provision stored in

the condition database (e.g., Fibaro Home Center and Fibaro Mobile Application related

servers/databases) has been met, and when the condition has been met (e.g., the geofence has been crossed), selecting location information from a location information database (e.g., the location of the Fibaro Home Center and/or mobile device in relation thereto) in accordance with the positioning information (e.g., real time location of a mobile device) and the preference settings for categories of information and location range and transmitting the selected location information to the portable electronic device.



21.    Defendants have and continue to indirectly infringe one or more claims of the '970 Patent by knowingly and intentionally inducing others, including Fibaro customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include the infringing

---

[6] https://manuals.fibaro.com/knowledge-base-browse/setting-up-the-geofencing-in-home-center-app/.

technology.

22.    Defendants, with knowledge that these products, or the use thereof, infringe the '970 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '970 Patent by providing these products to end-users for use in an infringing manner. Additionally, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subjective belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '970 Patent at least as early as the issuance of the '970 Patent.

23.    Defendants have and continue to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '970 Patent, but while remaining willfully blind to the infringement.  Defendants have and continue to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' websites, product literature and packaging, and other publications.[7]

24.    Plaintiff has suffered damages as a result of Defendants' direct and indirect infringement of the '970 Patent in an amount to be proven at trial.

25.    Plaintiff has suffered, and will continue to suffer, irreparable harm as a result of

---

[7] *See, e.g.,* https://manuals.fibaro.com/knowledge-base-browse/setting-up-the-geofencing-in-home-center-app/; https://manuals.fibaro.com/document/hca-geofencing/.

Defendants' infringement of the '970 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Nostromo prays for relief against Defendants as follows:

a.    Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b.    An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patent-in-Suit;

c.    An order awarding damages sufficient to compensate Nostromo for Defendants' infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.    Entry of judgment declaring that this case is exceptional and awarding Nostromo its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.    Such other and further relief as the Court deems just and proper.

Dated: June 16, 2025                  Respectfully submitted,

 */s/ Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com

13

**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF,
NOSTROMO LLC***